ERLINDA MONDAY, Plaintiff-Appellant, v. ACE HOME IMPROVEMENT SERVICES, INC., a/k/a Chicagoland Home Improvement Services, Inc., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—92—0424

Opinion filed June 10, 1993.

Stephen D. Berman and Y. Judd Azulay, both of Azulay & Azulay, P.C., of Chicago, for appellant.

Jeffrey S. Blumenthal, of Kamm & Shapiro, Ltd., of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Erlinda Monday, brought an action in the circuit court of Cook County against Ace Home Improvement Services, Inc., a/k/a Chicagoland Home Improvement Services, Inc. (hereinafter Ace), arising out of a construction contract, and against Fleet Finance, Inc. (hereinafter Fleet), that financed her contract with Ace. The trial court dismissed the action, and plaintiff then filed an amended complaint based on breach of contract against Ace and Fleet. Ace declared bankruptcy, and all proceedings against it were stayed. The action proceeded solely against Fleet. The amended complaint was based on a clause in plaintiff's loan agreement with Fleet, permitting her to assert against Fleet all claims and defenses she would have had against Ace. The trial court granted summary judgment in favor of Fleet.

On appeal, plaintiff contends (1) Ace's failure to "commence work" within 90 days of consummation of the contract makes the contract null and void; (2) she may rescind the contract with Ace before or after work has begun; and (3) regulation Z (12 C.F.R. §226 *et seq.* (1991)), enacted to promulgate the Truth in Lending Act (15 U.S.C. §1601 *et seq.* (1988)), entitles her to rescind the loan agreement with Fleet because Fleet's decision to "recredit" $55,000 of the loan changed the agreement's terms.

We affirm.

On October 31, 1988, plaintiff and Ace entered into a cash sales contract whereby Ace was to complete various improvements on plaintiff's house. The contract contained a provision which provided that if the buyer terminates the contract after work is commenced, she shall pay the seller for the completed work and for all changes in addition to 25% of the cash price as liquidated damages.

Earlier that month, plaintiff received a loan from Fleet which was secured by a mortgage on her house. This loan agreement provided that plaintiff would borrow $87,957.29 from Fleet to finance the cash sales contract between plaintiff and Ace. The record indicates that Fleet disbursed the following funds: $25,000 to Ace for the initial payment due on the contract, $2,131.41 to Commercial National Bank to pay off the existing mortgage on plaintiff's house, $4,952.88 to Ficus Financial, the loan broker, pursuant to plaintiff's contract with it, and $873 in appraisal, title, legal and recording fees. Plaintiff defaulted on her mortgage, Fleet accelerated the balance, and applied the remaining $55,000 in loan proceeds to the outstanding loan balance.

The agreement between plaintiff and Fleet contained the following provision:

> "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder."

Based on this provision, plaintiff properly asserts claims and defenses she has against Ace as well as against Fleet, thus explaining Fleet's presence as defendant in this action.

Plaintiff rescinded her contract with Ace and, in December 1989, filed an action against both Ace and Fleet based on four counts: fraud, deceptive trade practices, breach of contract, and rescission. The first three counts of the complaint were dismissed, but plaintiff was later granted leave to reinstate the breach of contract count. On April 12, 1990, plaintiff filed an amended complaint against Ace and Fleet for breach of contract and rescission. This complaint was entirely based on the allegation that Ace failed to "commence work" in accordance with clause 10 of the contract. Ace filed for bankruptcy, and plaintiff was unable to move against it. The action proceeded against Fleet.

On July 25, 1991, Fleet filed a motion for summary judgment which was granted on October 24, 1991. On November 21, 1991, plaintiff filed a motion to reconsider alleging, for the first time, that regulation Z, enacted to promulgate the Truth in Lending Act, enti-

tled her to rescind the loan agreement with Fleet because Fleet altered the agreement's terms. The motion was denied and she appeals.

■ Initially on appeal, plaintiff maintains that Ace's failure to "commence work" within 90 days after the contract was consummated makes the contract null and void. Plaintiff grounds this assertion in clause 10 of the contract, which states:

> "Buyer and Seller agree that in the event work is not commenced pursuant to this contract within 90 days hereof, Seller agrees to return any sums of money received from Buyer hereunder, and this contract shall be null and void, Seller expressly waiving any rights hereunder against Buyer and Buyer expressly waiving any rights hereunder against Seller."

The principal issue of dispute, then, is whether Ace commenced work pursuant to the contract within 90 days after the contract was consummated. Plaintiff construes "commence work" to mean beginning actual construction on her house, whereas defendant reasons the phrase to encompass the essential preparations prior to the commencement of actual construction.

The record reveals that, prior to the expiration of the 90-day period, defendant performed significant steps in furtherance of the contract which necessitated completion before work on the house could begin. In November 1988, Ace hired Certified Survey Co. to survey plaintiff's property. The next month, Ace received the completed survey and paid Certified $285 for its preparation.

Also in November, Ace hired Warren Edward Spitz to create architectural plans for the installation of a new concrete foundation for plaintiff's house. The plan was submitted to plaintiff and revised twice according to her specifications. The final plan was approved by the Chicago Department of Inspectional Services and Ace paid Spitz $1,416.40 for the plan and the revisions. Finally, Ace hired Steel-Craft Products Co. to measure, fabricate, and install custom-sized windows at a cost of $2,979.63.

We believe that these preparations constitute the commencement of work pursuant to the contract as intended by clause 10. We cannot conceive of an ambiguity in the phrase "commence work" and conclude plaintiff's strained interpretation of the contractual language to be unreasonable. A more sound construction of the phrase implicitly includes the steps performed during the preparatory stages of work, as well as actually beginning the house's physical alteration.

Clearly, had Ace not completed the previously enumerated steps, construction on plaintiff's house could not have begun. Therefore, as work was commenced within 90 days in accordance with the contract,

plaintiff would have no claim against Ace, and it therefore has no claim against Fleet.

■ Tangential to this issue is plaintiff's second argument that paragraph one of clause 10 of the contract with Ace allows her to rescind the contract before or after work has commenced. Fleet posits that plaintiff's failure to raise this issue, premised on paragraph one, at any time prior to this appeal constitutes a waiver. We agree.

In her amended complaint, plaintiff sought a rescission based on Ace's breach of paragraph two of clause 10 of the contract, opining that Ace failed to commence work within 90 days. The trial court's sole determination with respect to the rescission issue was, thus, whether or not Ace commenced work within the requisite period. At no point in her complaint did plaintiff submit that a question of fact existed as to her unequivocal right to rescind the contract based on the first paragraph of clause 10. Rather, all of her antecedent contentions in support of rescission pertained to Ace's failure to begin work in keeping with the second paragraph of clause 10. It is only on appeal that she argues her entitlement to rescind based on paragraph one.

"An issue not presented to or considered by the trial court is deemed to be waived and need not be considered on review, even in an appeal from summary judgment." (*Harbor Insurance Co. v. Arthur Andersen & Co.* (1986), 149 Ill. App. 3d 235, 240; see *Hagy v. McHenry County Conservation District* (1989), 190 Ill. App. 3d 833, 847.) As plaintiff did not properly advance this theory at trial, it is waived for purposes of appeal.

■ Finally, plaintiff argues that Fleet's modification of the loan agreement's terms entitles her to a rescission under regulation Z (12 C.F.R. §226 *et seq.* (1991)), enacted to promulgate the Truth in Lending Act (15 U.S.C. §1601 *et seq.* (1988)). This regulation, however, imposes upon the consumer a time limit governing the right to rescind a contract. It states, in pertinent part, as follows:

> "The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. §226.23(a)(3) (1991).

The loan agreement between plaintiff and Fleet was entered into on Tuesday, October 25, 1988, and her three-day right of rescission extended the date of consummation to Monday, October 31, 1988, the first business day the loan could be dispersed. The record is unclear as to when or if the necessary disclosures were made. Nevertheless, plaintiff, at most, had three years from October 31, 1988, to properly file an action in accordance with the provisions of regulation Z. As plaintiff first raises this issue in her motion to reconsider filed on November 21, 1991, we find that it is barred by the statute of limitations internal to the regulation upon which she relies.

For the aforementioned reasons, the judgment of the circuit court of Cook County granting summary judgment to Fleet is affirmed.

Affirmed.

JIGANTI, P.J., and HOFFMAN, J., concur.